### William H. Cook and another *v.* Warren West.

A vendor may refuse to deliver the thing sold, though he may have granted a term for the payment, where, from the absconding of the vendee, he would be in imminent danger of losing the price. C. C. 2464.

A sale is perfect, between the parties, as soon as they agree as to the thing and the price. As to third persons, the property of the thing sold passes to the vendee, only by delivery.

A vendee who has not received the thing sold, nor paid the price, can transfer to a third person only his right to require the delivery of the thing on the payment of the price, or on giving security for its payment at the time agreed on.

Cook and another v. West.

One who stands by and sees his property sold as belonging to another, will not be permitted to set up his title in opposition to a *bona fide* purchaser, who has bought on the faith of his declarations or apparent acquiescence. *Aliter*, where the purchaser knew the extent of the rights of the claimant, and was not misled by the acknowledgments so made.

APPEAL from the District Court of the First District, *Buchanan*, J.

*Preston*, for the appellants.

*Warfield*, for the defendant.

MORPHY, J. The petitioners claim, as their property, forty-six tons of hay, being the balance of a flat-boat load of that article, supposed to have contained about sixty tons, which they state that they purchased from one Elijah J. Wood, at the price of $21 per ton. They aver that only fourteen tons of hay have been delivered to them, and that the forty-six remaining tons are in the possession of the defendant, who wrongfully detains the same. They pray for a writ of sequestration, and for judgment in their favor for the forty-six tons of hay, or the value thereof, to wit, $966. The defendant sets up title to the hay in his possession, denying that either the plaintiffs, or E. J. Wood, have any right to it. The court below gave judgment in favor of the plaintiffs for the forty-six tons of hay, or its value, $966 ; but subject to a deduction of $920 for the defendant's privilege as vendor upon the property sequestered. The plaintiffs have appealed.

The record shows that, on the 24th of January, 1838, the defendant, being at Vicksburg, sold to one Elijah J. Wood, a flat-boat and its cargo of hay, at the rate of $20 per ton for the hay, and $55 for the boat, payable in United States paper, when delivered in good order at New Orleans, and for which the seller was to wait three days, but that he received an advance of $150. That a day or two after the arrival of the boat at the levée in this city, Wood sold the hay to the plaintiffs at $21 per ton, informed the defendant of the fact, and told him that he might commence rolling out the hay. When the defendant had delivered about ten tons, he told Wood that he wanted more money before he put out the hay. Wood promised to go to the plaintiffs and get some, which he would change into United States money, and give him in the afternoon. Under this assurance, the defendant con-

tinued rolling out the hay until he delivered about fourteen tons, which were taken away by Barrett, one of the plaintiffs; but defendant refused to deliver any more hay, when he found that Wood was not likely to return. The latter, it appears, had gone to the plaintiffs, and obtained from them, as an advance on the hay, $700, with which he absconded, instead of giving the money to the defendant.

It is clear that, although the sale had become perfect as between the defendant and Wood, as soon as they agreed as to the thing sold, and the price to be paid for it, the former was justified by law in refusing to deliver the hay, his vendee having absconded, thus putting him in imminent danger of losing the price. It is equally clear that, as relates to third persons, the property of the thing sold does not pass to the vendee, till after delivery. Wood could transfer to the plaintiffs only his right of requiring the delivery of the hay on paying the price, or on giving security to pay it at the time agreed on. Civ. Code, arts. 2463, 2464, 2433. 9 Mart. 592. But it is urged that the sale was made by Wood to the plaintiffs, in the presence of the defendant, who, before the sale, represented the hay as Wood's property, and did not inform them that he had any lien or claim upon it. If this circumstance were alone considered, it would probably be conclusive against the defendant; for no man should be permitted to stand by and see his property sold, and, after a *bona fide* purchaser has paid his money on the faith of his declarations or apparent acquiescence, set up his title in opposition to such purchaser. But, in this case, the testimony shows, that the plaintiffs knew perfectly well the extent of Wood's right to the property, and were not misled by the defendant's acknowledgment of such right. It is shown that, on the defendant's refusal to continue putting out the hay, they advanced to Wood $700, for the purpose of paying the defendant, well knowing that he could withhold the balance of the hay, which he had begun to deliver to them at the request of Wood. The hay being yet in the possession of the vendor of their vendor, they did an imprudent act in advancing to the latter a greater proportion of the price than was then due. In doing so they trusted Wood, and must abide the consequences of his dishonesty, in the same manner as the defendant must lose the value of the hay he

delivered, over and above the sum he received from his vendee. As to the residue of the hay which remained in his possession, he was entitled to retain it until it was paid for, and Wood had acquired no absolute right to it which he could transfer to the plaintiffs.